IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GLEN TORRES,** | |
| **Plaintiff,** | |
| v. | Case No. 24-cv-1455-MAB |
| **ANTHONY WILLS, L. HANNA, MAJOR MCCLANAHAN, and NURSE PRACTITIONER CRANE,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

Plaintiff Glen Torres, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Torres alleges that he was intentionally served bugs in his meal, denied medical care, and improperly served tuna fish despite having a seafood allergy.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.[1] Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which

---

[1] The Court has jurisdiction to screen the Complaint due to Plaintiff's consent to the full jurisdiction of a Magistrate Judge, and the limited consent to the exercise of Magistrate Judge jurisdiction by the IDOC and Wexford Health Sources, Inc., as set forth in the Memoranda of Understanding between the Court and these two entities.

1

relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint, Torres makes the following allegations: On October 11, 2023, while in Menard's segregation unit, Torres received his breakfast and noticed that his oatmeal was crunchy (Doc. 1, p. 49). Upon further inspection, he found bugs baked into the food. The bugs included roaches and ants (*Id.*). Other inmates complained to the officers on duty about finding bugs in their oatmeal. The officers taunted the inmates about the bugs. Major McClanahan specifically yelled at the inmates, noting that the bugs were in response to inmates previously taking the yard hostage (*Id.* at pp. 49-50). He informed the inmates that if they continued to disrupt security, they would receive additional punishments. Despite numerous requests for medical care, McClanahan refused to provide Torres with care or a medical screening for toxins (*Id.* at p. 50).

For four days after the incident, Torres suffered from diarrhea and vomiting. Despite numerous requests for medical care, he was denied care. Torres spoke to Nurse Practitioner Crane while she walked through the gallery and asked for medical care. He informed her of his symptoms, but she accused him of acting like a child (*Id.*). She instructed Torres to drink additional water and request toilet paper from the correctional officers (*Id.*).

Prior to the event with the bugs in the oatmeal, Torres alleges that on October 8, 2023, he unknowingly ate tuna salad despite having a seafood allergy (*Id.* at p. 51). His eyes and feet immediately swelled, and he developed sharp pains throughout his body

2

(*Id*.). He requested medical care, but his requests were denied. Despite having a documented seafood allergy, Torres alleges that the dietary manager, L. Hanna, has served Torres fish on numerous occasions (*Id*. at p. 52). Hanna continues to disregard Torres's allergy, resulting in his allergic reaction on October 8, 2023 (*Id*.). He has received seafood on at least ten occasions (*Id*.). Torres alleges that he complained to Anthony Wills about the issue, but Wills failed to intervene.

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following counts:

> **Count 1:** **Eighth Amendment conditions of confinement claim against Major McClanahan for serving Torres oatmeal with bugs in it.**
>
> **Count 2:** **Eighth Amendment deliberate indifference claim against Major McClanahan and Nurse Practitioner Crane for failing to provide Torres with medical care for his symptoms after ingesting bugs in his oatmeal.**
>
> **Count 3:** **Eighth Amendment deliberate indifference claim against L. Hanna and Anthony Wills for failing to honor Torres's documented allergy and continuing to serve him seafood.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered**

**dismissed without prejudice as inadequately pled under the *Twombly* pleading standard**.[2]

**Counts 1 and 2**

At this stage, Torres states a claim against Major McClanahan regarding the bugs in his oatmeal. Although isolated incidents of food contamination due not usually rise to the level of a constitutional violation, *see Morris v. Buege,* No. 23-cv-11-99, 2023 WL 2465882, at *3 (E. D Wisc. Mar. 10, 2023); *Jackson v. Lang*, No. 09 C 5123, 2010 WL 3210762, at *1 (N.D. Ill. Aug. 10, 2010) (one incident of finding rodent parts in a meal did not rise to the level of a constitutional violation) (citing *George v. King*, 837 F.3d 705, 707 (7th Cir. 1988)), in this case Torres alleges that Major McClanahan purposefully had bugs placed in the segregation inmates' breakfast as punishment for their actions on the yard. Accordingly, Torres' allegations are sufficient, at this stage, to state a claim. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Green v. Beth*, 663 F. App'x 471, 473-474 (7th Cir. 2016) (administrators were aware of problems with contaminated food and ignored it). Thus, Count 1 shall proceed against Major McClanahan.

Torres also states a claim in Count 2 against Major McClanahan and Nurse Practitioner Crane for refusing Torres medical care after eating the tainted oatmeal. *See Rasho v. Elyea*, 856 F.3d 469, 475 (7th Cir. 2017). He alleges that both McClanahan and Crane were aware of Torres's condition after ingesting bugs and refused to treat him or

---

[2] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

test him for contaminations. *See Qian v. Kautz*, 168 F.3d 949, 955 (7th Cir. 1999) (stating that the relevant inquiry is whether defendants "actually knew about [Plaintiff's] condition, not whether a reasonable official should have known"). Thus, Count 2 shall proceed against Major McClanahan and Nurse Practitioner Crane.

**Severance of Count 3**

Count 3 alleges that L. Hanna improperly served Torres seafood on numerous occasions despite having a seafood allergy and Anthony Wills failed to remedy the situation. This claim, however, is wholly unrelated to the other claims in Torres's lawsuit regarding the bugs in his oatmeal. Accordingly, consistent with *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007), and Federal Rules of Civil Procedure 18 and 20, the Court will sever Count 3 into a separate case and will open a new case with a newly-assigned case number.

## Disposition

For the reasons stated above, Count 3 against L. Hanna and Anthony Wills is **SEVERED** into a new case. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- Torres's motion to proceed *in forma pauperis* (Doc. 2); and
- The Complaint (Doc 1).

As to the remaining claims in this case, Count 1 shall proceed against Major McClanahan. Count 2 shall proceed against Major McClanahan and Nurse Practitioner Crane.

The Clerk of Court shall prepare for Defendants Major McClanahan and Nurse Practitioner Crane: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons) and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to each defendant's place of employment as identified by Torres. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Torres, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**. Because Torres's claims involve his medical care, the Clerk of Court is **DIRECTED** to enter the Court's standard HIPAA protective order.

If judgment is rendered against Torres, and the judgment includes the payment of costs under Section 1915, he will be required to pay the full amount of the costs, regardless

of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Torres is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **14 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 7/8/2024**

/s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your Complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**