IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-1455-MAB |
| | ) |
| ZACHARY MCCLANAHAN and | ) |
| JILIAN CRANE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

A flurry of motions from Plaintiff were recently filed with Court (Docs. 28–34).

1. Motion for Recruitment of Counsel dated Sept. 20, 2024 (Doc. 28). It was postmarked September 30, 2024, and received and filed with the Court on October 2, 2024.

2. Motion for extension of time dated Sept. 20, 2024 (Doc. 29). It was filed with the Court on October 2, 2024.

3. Motion for Recruitment of Counsel (Doc. 30). It is dated August 24 (or 29), 2024 but was not scanned at Menard until October 4, 2024. It was e-filed with the Court that same day.

4. Motion for Help from Courts and Time Extension dated September 23, 2024 (Doc. 31). It was e-filed with the Court on October 4, 2024.

5. Motion for Leave to File an Amended Complaint dated September 27, 2024 (Doc. 32). It was e-filed with the Court on October 4, 2024.

6. Motion for Appointment of Counsel (Doc. 33). It is dated September 22, 2024, but was not scanned at Menard until October 4, 2024. It was e-filed with the Court that same day.

Page 1 of 8

    7. Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies dated September 22, 2024 (Doc. 34). It was filed with the Court on October 4, 2024.

Given length of time between the dates on the motions and when the Court received them, it appears that Menard is/was experiencing significant delays in the transmission of e-filings and the processing of outgoing mail. Those delays are presumably explained by reports from Plaintiff and other prisoners, as well as in the media, of lockdowns and medical emergencies resulting from staff members' exposure to dangerous substances believed to have come in through the mail (*e.g.*, Doc. 29). The delays will not be held against Plaintiff. For future motions, Plaintiff should continue to include the date after his signature. It would also be helpful to the Court if Plaintiff included a statement indicating the date on which he submitted the motion for e-filing or to go out through the regular mail.[1]

**A. MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXHAUSTION OF ADMINISTRATIVE REMEDIES** (Doc. 34)

This motion is deemed moot. Failure to exhaust administrative remedies is an affirmative defense raised by Defendants (Docs. 20, 24). Plaintiff does not need to file a dispositive motion with respect to the affirmative defense—that is Defendants' job. When and if Defendants elect to file a motion for summary judgment on exhaustion, Plaintiff will have the opportunity to file a response brief in opposition. Plaintiff should present

---

[1] For example, Plaintiff could include a statement similar to a Certificate of Service, saying something to the effect of "I certify that on [INSERT DATE], I submitted [INSERT NAME OF DOCUMENT/TITLE OF MOTION] to be e-filed/mailed via the U.S. Postal Service by [INSERT ACTION TAKEN, e.g., putting it in the bars of my cell to be picked up, placing it in the mailbox in the cellhouse, etc.]."

his evidence and argument in that response brief.

### B. MOTION FOR LEAVE TO FILE AMENDED COMPLAINT (Doc. 32)

This motion is denied because it was not accompanied by a proposed amended complaint. The denial is without prejudice and Plaintiff may renew his motion for leave to file an amended complaint that complies with the following instructions.

The proposed amended complaint should be an entirely separate document that is attached as an exhibit to the motion for leave to amend the complaint. *See* SDIL-LR 15.1(a)(1).[2]

The motion should explain the purpose of the amended complaint (*e.g.*, to supplement the existing claims with additional allegations, to state a new claim, etc.) and how the proposed amended complaint differs from the original complaint.

The proposed amended complaint must contain *all* allegations and *all* claims, new and old, against all of the Defendants, with *all* of the exhibits attached. Furthermore, all new material in the proposed amended complaint must be underlined. *See* SDIL-LR 15.1(b)(2). Failure to comply with this requirement will result in rejection of the proposed amended complaint.

The Clerk of Court will provide Plaintiff with a blank Complaint form to use for his proposed amended complaint. Plaintiff was originally given until November 8, 2024 to file a motion for leave to amend the complaint (Doc. 26). The Court sua sponte extends that deadline to **November 25, 2024**. If Plaintiff requires additional time to prepare his

---

[2] "SDIL-LR" stands for Southern District of Illinois Local Rules.

amended complaint, he may file a motion with the Court requesting an extension.

### C. MOTIONS FOR EXTENSION OF TIME AND ASSISTANCE FROM THE COURT (Docs. 29, 31)

In these motions, Plaintiff sets forth a number of concerns. He indicates that an institutional shakedown was conducted at Menard in early September and all of his legal materials were damaged. The only documents that exist are the ones he previously filed with the Court, which he says he is trying to get a copy of. As a general rule, the Court will only mail paper copies of any document upon prepayment of the required fee of $0.50 per page. However, given the unique set of circumstances presented here, the Court will—as a one-time courtesy—have the Clerk of Court mail Plaintiff a copy of the docket and some of the essential documents on the docket (i.e., a copy of his original complaint and exhibits, the Initial Scheduling Order, as well as a blank Complaint form).

Plaintiff says he has no money to make copies of documents or to mail them. However, per Illinois regulations, a lack of funds does not preclude an inmate from sending legal mail and making copies of legal documents. *See* 20 ILL. ADMIN. CODE §§ 430.40(b), 525.130(a). The state will cover the cost of the postage and copies so long as the inmate, in essence, promises to pay the state back when he has the money. *See id.* Plaintiff should speak with his counselor about the exact procedure for mailing and copying legal documents and about any further questions he has on this issue.

Plaintiff indicates that he still owes money toward his initial partial filing fee (Doc. 31, p. 1). However, his initial partial filing fee of $12.50 was received on September 6, 2024 (Doc. 27; *see also* Doc. 7). No further action is need from Plaintiff in this regard. As

previously instructed, the prison will automatically forward payments from his prison trust fund account until the entire $350.00 filing fee is paid (Doc. 7).

As for Plaintiff's initial disclosures, the information he needs to provide to Defendants is listed in the Initial Scheduling Order in section II(A). A copy of the Initial Scheduling Order will be resent to Plaintiff. His deadline for providing his initial disclosures was October 9, 2024. It is unclear to the Court whether Plaintiff still requires additional time to serve the disclosures, however out of an abundance of caution, the Court will *sua sponte* grant Plaintiff an extension to serve his disclosures until **November 14, 2024**.

To the extent Plaintiff is asking for an extension of time to file a motion for summary judgment on the issue of exhaustion, that request is moot. And as stated above, he still has one month until his deadline to file a motion for leave to amend the complaint, but if he needs more time beyond that, he can ask for it.

### D. MOTIONS FOR COUNSEL (Docs. 28, 30, 33)

"There is no right to recruitment of counsel in federal civil litigation, but a district court has discretion to recruit counsel under 28 U.S.C. § 1915(e)(1)." *Dewitt v. Corizon, Inc.*, 760 F.3d 654, 657 (7th Cir. 2014). Plaintiff has met his threshold burden by showing that he made a reasonable attempt to obtain counsel on his own (*see* Docs. 28, 30, 33). *See Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007) (articulating factors court considers when evaluating motions for counsel). Thus, the question for the Court is "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Dewitt v. Corizon, Inc.*, 760

F.3d 654, 657 (7th Cir. 2014) (quoting *Pruitt*, 503 F.3d at 655). *Pennewell v. Parish*, 923 F.3d 486, 490 (7th Cir. 2019). The Court looks at the type of claims being advanced, the stage of litigation, and all the tasks that normally attend litigation, including "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 491. The Court also looks at "the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* In other words, this inquiry is an individualized one based upon the record as a whole, the nature of the claims, and the plaintiff's ability to pursue his claims through all phases of the case. *Navejar v. Iyioloa,* 718 F.3d 692, 696 (7th Cir. 2013).

Here, Plaintiff indicates that he is in segregation and therefore has no access to phones or the law library (Doc. 28, p. 1; Doc. 33, p. 2). He further indicates that the facility is/was on lockdown due to an investigation, which has caused outgoing mail and e-filing to be delayed and made it difficult to get legal materials from the library (Doc. 28, p. 1, 3; Doc. 33, p. 2). He states that he is seriously mentally ill and taking psychiatric medications (Doc. 28, p. 2; Doc. 30, p. 2). And he also says he "can barely read & write" and has limited knowledge of the law (Doc. 28, pp. 2, 3; Doc. 33, pp. 1, 2).

To begin with, most prisoners who are representing themselves have limited education and know little about the law. They would all benefit from having a lawyer, "but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases." *Olson v. Morgan,* 750 F.3d 708, 711 (7th Cir. 2014). The

lockdowns and delays with mail and e-filing are also not issues unique to Plaintiff; every prisoner litigant at Menard is contending with these issues. The Court has and will continue to work with the parties to accommodate the challenges created by these issues.

Furthermore, this case is still in the early phases. Plaintiff's only tasks are to serve initial disclosures on defense counsel and possibly prepare an amended complaint. While Plaintiff claims to be illiterate, his filings thus far have been sufficient and demonstrate that he is capable of adequately communicating his position. The Court has no doubt that he can prepare his initial disclosures without the assistance of counsel. And he has already demonstrated that he is capable of filing a legally sufficient complaint on his own. After those things are finished, there will be little (if anything) for Plaintiff to do while the Court waits to see if Defendants file a motion for summary judgment on the issue of exhaustion, which is not due until December 9, 2024 (Doc. 26). If Defendants do, Plaintiff will have to file a response. Plaintiff has already shown that he has access to all of the necessary information, that he understands the legal issues at stake, and that he is capable of explaining his efforts to exhaust his administrative remedies prior to filing suit without the assistance of counsel (*see* Doc. 34).

As for Plaintiff's statements that he has been diagnosed as seriously mentally ill and takes psychotropic medication, he did not provide any further information or verifying medical evidence about the nature and severity of his condition, or the symptoms that accompany it. The documents he has filed so far suggest that his symptoms and medications do not render him truly unable to represent himself. For these reasons, Plaintiff's motions for counsel are denied.

CONCLUSION

Plaintiff's Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 34) is **MOOT.**

Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 32) is **DENIED**. Plaintiff's deadline to file a new motion for leave to amend the complaint that complies with the instructions set forth above in the body of the Order is **EXTENDED** to November 25, 2024. In the event Plaintiff's extended deadline makes it difficult for Defendants to file their motion for summary judgment on the issue of exhaustion by the December 9, 2024 deadline, the Court is willing to consider a motion for an extension of time.

Plaintiff's Motion for extension of time (Doc. 29) and Motion for Help from Courts and Time Extension (Doc. 31) are **GRANTED in part**, as set forth above. If Plaintiff has yet to produce his initial disclosures, they are now due on or before November 14, 2024.

Plaintiff's motions for counsel (Docs. 28, 30, 33) are **DENIED**.

The Clerk of Court is **DIRECTED** to send Plaintiff (1) a copy of the docket sheet, (2) a copy of his original complaint and exhibits (Doc. 1), (3) the Initial Scheduling Order (Doc. 26), and (4) a blank Complaint form.[3]

**IT IS SO ORDERED.**

**DATED: October 25, 2024**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**

---

[3] The copies provided to Plaintiff can be double-sided.