IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GLEN TORRES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-CV-1455-MAB |
| | ) |
| ZACHARY MCCLANAHAN and | ) |
| JILIAN CRANE, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**BEATTY, Magistrate Judge:**

This matter is currently before the Court on the following motions:

1. Plaintiff's Motion for Leave to File Amended Complaint filed on October 29, 2024 (Doc. 39)

2. Defendant McClanahan's Motion to File Response Instanter to Plaintiff's Motion for Leave to File Amended Complaint filed on December 11, 2024 (Doc. 44)

3. Defendant McClanahan's Motion for Extension of Time to File a Dispositive Motion on the Issue of Exhaustion filed on December 9, 2024 (Doc. 40).

4. Plaintiff's submission docketed as "Status Hearing/Motion for Extension of Time to File Response/Reply" on December 18, 2024 (Doc. 45)

### BACKGROUND

In his original complaint, Plaintiff Glen Torres alleged in pertinent part that he was intentionally served bugs in his meal (Doc. 1; *see also* Doc. 11). He further alleges that he suffered from diarrhea and vomiting for four days after discovering the bugs in his food

and he was denied access to medical care despite repeated requests (Doc. 1; *see also* Doc. 11). Following a threshold review of the complaint pursuant to 28 U.S.C. § 1915A, Plaintiff was permitted to proceed on the following counts:

> **Count 1:** Eighth Amendment conditions of confinement claim against Major McClanahan for serving Plaintiff food with bugs in it.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Major McClanahan and Nurse Practitioner Crane for failing to provide Plaintiff with medical care for his symptoms after ingesting bugs in his food.

(Doc. 11).

A. **DEFENDANT MCCLANAHAN'S MOTION FOR EXTENSION OF TIME TO FILE A DISPOSITIVE MOTION ON THE ISSUE OF EXHAUSTION** (Doc. 40)

Defendant McClanahan's motion for summary judgment on the issue of exhaustion was due on December 9, 2024 (Doc. 26). However, he asked for an extension of time until after the Court ruled on Plaintiff's motion for leave to amend the complaint because he believes that an amended complaint "may change the dispositive motion slightly" (Doc. 40, p. 2). Although the Court does not fully understand McClanahan's position, it will nevertheless grant his motion because the Court routinely allows reasonable extensions of time for dispositive motion briefing.[1]

---

[1] Defendant McClanahan's motion for extension of time was filed on filed on December 9, 2024 (Doc. 40). Plaintiff did not file a response to Defendant McClanahan's motion within his 14-day window for doing so, *see* SDIL-LR 7.1(b)(2)(A), or even as of the date of this Order. However, given Plaintiff's allegations in his most recent submission that his mail is being withheld (*see* Doc. 45), the Court does not know if Plaintiff received Defendant's motion to begin with. That being said, the Court would likely have granted Defendant's motion even if Plaintiff had filed a response in opposition because, as stated above, the Court routinely allows reasonable extensions of time for dispositive motion briefing.

**B. DEFENDANT MCCLANAHAN'S MOTION TO FILE RESPONSE INSTANTER** (DOC. 44)

In short, Defendant McClanahan seeks to file an untimely response to Plaintiff's motion for leave to file an amended complaint. Defense counsel was unexpectedly out of the office for a three week stretch of time, during which Plaintiff filed his motion for leave to amend (Doc. 44, para. 7). She came back to the office the day before Defendant's deadline to file a response but there was a misunderstanding as to the nature of the deadline, which led to her inadvertently missing the deadline (Doc. 44, para. 8, 9). The Court does not fully understand what the misunderstanding was but recognizes the gist of the motion is that defense counsel inadvertently missed the deadline because of a misunderstanding following an extended and unexpected absence from work. Under these circumstances, the Court believes defense counsel has shown good cause and excusable neglect to allow the late submission. *See* FED. R. CIV. P. 6(b)(1).[2] The Court will therefore consider Defendant's response at Doc. 44-1 in ruling on Plaintiff's motion for leave to amend.

**C. PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT** (DOC. 39)

Plaintiff seeks to amend his complaint to add the food supervisor at Menard, whose name he does not know, as a Defendant (Doc. 39). The Federal Rules of Civil Procedure instruct that leave to amend should be freely given when justice so requires. FED. R. CIV. P. 15(a)(2). District courts can deny leave to amend "where there is undue

---

[2] Plaintiff also did not file a response to Defendant McClanahan's Motion to File Response Instanter within his 14-day window for doing so or even as of the date of this Order. But again, the Court is unsure if Plaintiff ever received the motion.

delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to defendants, or where the amendment would be futile." *Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 855 (7th Cir. 2017) (citation omitted). The Amended Complaint is also subject to review under 28 U.S.C. § 1915A,[3] therefore, the Court will screen the proposed Amended Complaint in accordance with this statute while considering Plaintiff's motion for leave to amend.

As an initial matter, the Court notes that Plaintiff did not underline the new material in his proposed amended complaint as instructed by the Court, (Doc. 37), and required by Local Rule 15.1(b)(2). However, in his motion for leave to amend the complaint, Plaintiff described the new material and where it was located in the proposed amended complaint (Doc. 39). The Court finds this to be sufficient. Any proposed amended complaints submitted in the future, however, should strictly comply with Local Rule 15.1(b)(2).

With respect to the food supervisor, Plaintiff alleges that he/she participated in serving the inmates contaminated food (Doc. 39-1, pp. 6–7). Specifically, he/she prepared the food with the bugs in it and/or inspected the food and allowed it to be served despite knowing it was contaminated (*Id.*). These allegations are sufficient to state an Eighth Amendment conditions of confinement claim against the food supervisor, and the Court is unpersuaded by Defendant's arguments otherwise (*see* Doc. 44-1).

---

[3] Pursuant to Section 1915A, any portion of the Amended Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b).

Accordingly, Plaintiff will be allowed to amend his complaint to add John Doe Food Supervisor as a Defendant. The Food Supervisor will be added to the existing Count 1 rather than adding a new Count 3, like Plaintiff proposed. Accordingly, this case will proceed on the following claims:

> **Count 1:** Eighth Amendment conditions of confinement claim against John Doe Food Supervisor for intentionally contaminating Plaintiff's food with bugs and/or turning a blind eye to the contamination and allowing the food to be served and against Major McClanahan for serving Plaintiff food he knew was contaminated with bugs.
>
> **Count 2:** Eighth Amendment deliberate indifference claim against Major McClanahan and Nurse Practitioner Crane for failing to provide Plaintiff with medical care for his symptoms after ingesting bugs in his food.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by the Court. Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled.[4]

Because Plaintiff is allowed to proceed against John Doe Food Supervisor, he must now work to identify this individual. The current warden of Menard, Anthony Wills, will be added as a Defendant—in his official capacity only—for the purpose of identifying the unknown defendant. At this point, the Court would normally give Plaintiff time to provide as much descriptive information as possible about the unknown defendant. In this instance, however, the Court believes Plaintiff has already provided that information: he is seeking to identify the Food Supervisor who was in charge of preparing and/or

---

[4] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face.").

inspecting the breakfast served to inmates in the North 2 segregation unit on October 11, 2023. The warden shall, within 30 days of entering his appearance in this case, provide Plaintiff with the identity of the John Doe Food Supervisor. If unable to identify the Doe, the Warden shall provide any document or information that may assist in identifying the John Doe Food Supervisor. The Warden shall tender any relevant information directly to Plaintiff, and he shall file a notice of compliance with the Court. Plaintiff will then be required to file a Motion to Substitute a named party, or to move for additional steps to be taken to identify this party. Failure to follow these steps may result in the dismissal of the John Doe Food Supervisor.

Finally, the Court notes that Defendant Jilian Crane already has a motion for summary judgment on the issue of exhaustion on file as it pertains to Count 2 (Doc. 41), and Plaintiff has already filed his response in opposition (Doc. 46). Because Plaintiff's allegations against Defendant Crane with respect to Count 2 remains substantively the same, the Amended Complaint will not moot out the motion for summary judgment. The motion shall remain pending and will be ruled on in due course.

### D. PLAINTIFF'S "STATUS HEARING/MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY" (Doc. 45)

In this submission, Plaintiff reports that Menard Correctional Center has "consistently withheld" his incoming mail and "has yet to turn over" legal documents "from the mailroom or the law library" (Doc. 45). Specifically, Plaintiff claims that, as of December 18, 2024, he had yet to receive the motion for summary judgment that Defendant Jilian Crane filed nine days earlier on December 9, 2024 (Doc. 45). Plaintiff

contends that Menard is intentionally withholding the motion so that he misses his deadline to respond (*Id.*). Plaintiff further claims that he sent documents to the law library to be copied but still has not received them back after almost a month, and he contends that the law library is throwing away his documents (*Id.*). For that reason, he mailed his motion to the Court in an envelope under another inmate's name (*Id.* at p. 2; *see id.* at p. 3). Plaintiff asks the Court "to intervene" and to give him an extension to file any responses. Neither of the Defendants filed a response to Plaintiff's submission.

Plaintiff's request for a deadline extension is granted. The Court notes that Plaintiff filed his response to Defendant Crane's motion for summary judgment on January 15, 2025. His response is deemed timely filed. As for Plaintiff's request that the Court intervene and stop prison officials at Menard from withholding his incoming mail and from destroying the legal documents that he sends to the law library, Plaintiff's submission lacks the specifics necessary for the Court to determine that he is entitled to any relief. The Court will, however, provide Plaintiff with a copy of the docket sheet so that he can assess whether he is missing any filings.

## Conclusion

Defendant McClanahan's Motion for Extension of Time to File a Dispositive Motion on the Issue of Exhaustion (Doc. 40) is **GRANTED.** His motion, if any, is now due on or before February 17, 2025 (30 days from entry of this Order).

Defendant McClanahan's Motion to File Response Instanter to Plaintiff's Motion for Leave to File Amended Complaint (Doc. 44) is **GRANTED**.

Plaintiff's Motion for Leave to File Amended Complaint (Doc. 39) is **GRANTED**.

The Clerk of Court is **DIRECTED** to re-file Plaintiff's proposed Amended Complaint at Doc. 39-1 as the First Amended Complaint. This matter will proceed on Counts 1 and 2 as designated above on page 5. John Doe Food Supervisor is **ADDED** as a Defendant to Count 1. The current warden of Menard Correctional Center, Anthony Wills, is **ADDED** as a Defendant, in his official capacity only, to help identify the Food Supervisor.

The Clerk is further **DIRECTED** to prepare for Warden of Menard Correctional Center (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons), and to mail these forms, along with a copy of this Order and the First Amended Complaint, to the Warden in accordance with the service procedures outlined in the Court's original Merit Review Order (Doc. 11).

If the Warden fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on the Warden and the Court will require the Warden to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**The Warden is NOT required to file an answer to the complaint**. The Warden need only have counsel appear on his behalf. Within 30 days of entering his appearance, the Warden must identify the John Doe Food Supervisor or provide relevant documents and information as instructed above in the body of this Order.

Defendants Crane and McClanahan are **ORDERED** to timely file an appropriate responsive pleading to this Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendants

should respond to the issues stated in the original Merit Review Order (Doc. 7) and in this Merit Review Order.

Defendant Crane's motion for summary judgment on the issue of exhaustion 1 (Doc. 41) shall remain pending and will be ruled on in due course.

Plaintiff's "Status Hearing/Motion for Extension of Time to File Response/Reply" (Doc. 45) is **GRANTED IN PART.** Plaintiff's response to Defendant Crane's motion for summary judgment on the issue of exhaustion (Doc. 46) is deemed timely filed. The Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the docket sheet and this Order via the U.S. Postal Service.

**IT IS SO ORDERED.**

**DATED: January 16, 2025**

s/ Mark A. Beatty
**MARK A. BEATTY**
**United States Magistrate Judge**